```
                          United States Bankruptcy Court
                          Eastern District of Pennsylvania
In re:                                                                Case No. 19-15638-pmm
Harold R. Griffith                                                    Chapter 7
      Debtor
```

## CERTIFICATE OF NOTICE

```
District/off: 0313-4          User: Virginia             Page 1 of 1              Date Rcvd: May 29, 2020
                              Form ID: 318               Total Noticed: 14
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 31, 2020.
```
db            +Harold R. Griffith,    2002 West Main Street,   Lot 10,    Ephrata, PA 17522-1120
smg           +Bureau of Audit and Enforcement,   City of Allentown,    435 Hamilton Street,
                Allentown, PA 18101-1603
smg            City Treasurer,   Eighth and Washington Streets,    Reading, PA 19601
smg           +Dun & Bradstreet, INC,    3501 Corporate Pkwy,   P.O. Box 520,   Centre Valley, PA 18034-0520
smg           +Lehigh County Tax Claim Bureau,    17 South Seventh Street,    Allentown, PA 18101-2401
smg           +Tax Claim Bureau,    633 Court Street,   Second Floor,   Reading, PA 19601-4300
14386563      +Members First FCU,    PO Box 2104,   Mechanicsburg, PA 17055-2104
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg            E-mail/Text: RVSVCBICNOTICE1@state.pa.us May 30 2020 04:11:53
                Pennsylvania Department of Revenue,   Bankruptcy Division,   P.O. Box 280946,
                Harrisburg, PA  17128-0946
smg           +E-mail/Text: usapae.bankruptcynotices@usdoj.gov May 30 2020 04:12:04     U.S. Attorney Office,
                c/o Virginia Powel, Esq.,   Room 1250,   615 Chestnut Street,   Philadelphia, PA 19106-4404
14386559      +EDI: BANKAMER.COM May 30 2020 07:58:00      Bank of America,   PO Box 2284,
                Brea, CA 92822-2284
14487308       EDI: BANKAMER.COM May 30 2020 07:58:00      Bank of America, N.A.,   PO BOX 31785,
                Tampa, FL 33631-3785
14386560      +EDI: DISCOVER.COM May 30 2020 07:58:00      Discover,   PO Box 71084,   Charlotte, NC 28272-1084
14386561       EDI: USBANKARS.COM May 30 2020 07:58:00      Fulton Bank,   PO Box 790408,
                Saint Louis, MO 63179-0408
14386562      +E-mail/Text: unger@members1st.org May 30 2020 04:12:23     Members First FCU,   PO Box 40,
                Mechanicsburg, PA 17055-0040
                                                                                              TOTAL: 7
```

```
               ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 31, 2020                                           Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 29, 2020 at the address(es) listed below:
```
              CHRISTINE C. SHUBERT    christine.shubert@comcast.net, J100@ecfcbis.com
              CHRISTINE C. SHUBERT    on behalf of Trustee CHRISTINE C. SHUBERT christine.shubert@comcast.net,
               J100@ecfcbis.com
              KEVIN G. MCDONALD    on behalf of Creditor    BANK OF AMERICA, N.A. bkgroup@kmllawgroup.com
              MITCHELL A. SOMMERS    on behalf of Debtor Harold R. Griffith msommers@ptd.net, kjober@ptd.net
              REBECCA ANN SOLARZ    on behalf of Creditor    BANK OF AMERICA, N.A. bkgroup@kmllawgroup.com
              ROBERT W. SEITZER    on behalf of Trustee CHRISTINE C. SHUBERT rseitzer@karalislaw.com,
               jhysley@karalislaw.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                             TOTAL: 7
```

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Harold R. Griffith** | Social Security number or ITIN **xxx–xx–1594** |
| | First Name    Middle Name    Last Name | EIN _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name    Middle Name    Last Name | Social Security number or ITIN _ _ _ _ |
| | | EIN _ _–_ _ _ _ _ _ _ |

United States Bankruptcy Court   **Eastern District of Pennsylvania**

Case number:   **19–15638–pmm**

## Order of Discharge    12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Harold R. Griffith

5/29/20

**By the court:**  Patricia M. Mayer
United States Bankruptcy Judge

### Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**